UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE K. NORTON,

        Plaintiff,

v.                                Case No:  8:16-cv-2599-T-30AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action, seeking declaratory and injunctive relief or, alternatively, a writ of mandamus against the Commissioner of Social Security (the "Commissioner") regarding the Social Security Administration's ("SSA") policy governing consideration of an application for Supplemental Security Income ("SSI") benefits during the pendency of a request for review before the Appeals Council relating to a prior application for SSI benefits (Doc. 1). Subsequently, the Commissioner filed a Motion to Dismiss (Doc. 15), arguing that the Complaint should be dismissed because Plaintiff failed to demonstrate that subject matter jurisdiction exists with respect to the issues raised by Plaintiff and that Plaintiff failed to exhaust his administrative remedies prior to initiating this action.  In response, Plaintiff asserted that jurisdiction exists and that he should be permitted to proceed on his claims in this action (Doc. 18).  Following hearings on the matter, the Motion to Dismiss was withdrawn, and Plaintiff now moves for summary judgment (Doc. 35), essentially asserting that mandamus is

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).


appropriate because the Appeals Council incorrectly issued a decision without properly addressing evidence deemed not chronologically relevant and that Plaintiff has no other adequate remedy available.  The Commissioner responds in opposition (Doc. 37), arguing that Plaintiff failed to timely and properly appeal or request review of the ALJ's November 12, 2012 decision, *i.e.* to exhaust his administrative remedies, thereby precluding jurisdiction over this matter.  For the following reasons, it is recommended that Plaintiff's Motion for Summary Judgment (Doc. 35) be denied.[2]

## I.      Background

Plaintiff applied for SSI in March 2010 (the "2010 application"), claiming disability beginning on January 1, 1993 (Doc. 37-1, Declaration of Sheryl Sullivan ("Sullivan Decl."), Ex. A).   Upon review, the Commissioner denied Plaintiff's application initially, on reconsideration, and following an administrative hearing with the Administrative Law Judge ("ALJ") (Sullivan Decl., Exs. B-D).  The ALJ issued her opinion on August 31, 2011, after which Plaintiff requested review from the Appeals Council on October 24, 2011, and included additional evidence (Sullivan Decl., Ex. E).  Approximately a year later, on October 26, 2012, the Appeals Council denied Plaintiff's request for review, after reviewing Plaintiff's stated reasons for disagreement and the additional evidence provided (Sullivan Decl., Ex. F).  In doing so, the Appeals Council stated that it considered the reasons Plaintiff disagreed with the ALJ's decision along with the additional evidence listed on the Order of Appeals Council in concluding that the information did not provide a basis for changing the ALJ's decision (Sullivan Decl., Ex. F, at 2).  The Order of Appeals Council indicated that the Appeals Council received additional evidence, which it made part of the record and which consisted of the

---

[2]  The district judge referred the motion to the undersigned for issuance of a report and recommendation.

following: (1) Request for Review of Hearing Decision/Order dated October 24, 2011; (2) Representative Brief dated December 20, 2011; (3) Medical Records from St. Mary's Neurological Center dated November 30, 2011 through April 24, 2012; (4) Medical Records from Florida Urology Partners Virginia dated January 11, 2012 through June 5, 2012; (5) Medical Records from Ankle and Foot Associates dated August 24, 2010 through July 5, 2012; and (6) Medical Records from  Elizabeth Biggers DO dated August 15, 2011 through August 24, 2012 (Sullivan Decl., Ex. F, at 4).  In doing so, the Appeals Council did not provide a notice to Plaintiff returning any additional evidence unrelated to the period on or before the date of the ALJ's decision or explaining why the Appeals Council did not accept such additional evidence.

Consequently, given the Appeals Council's denial, Plaintiff appealed to the United States District Court for the Middle District of Florida (the "district court") and then to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"), each of which affirmed the decision of the Commissioner.  *See Norton v. Colvin*, No. 8:12-cv-2536-T-TBM, 2014 WL 11444077 (M.D. Fla. Mar. 27, 2014), *aff'd sub nom. Norton v. Comm'r of Soc. Sec.*, 607 F. App'x 913 (11th Cir. 2015).  Significantly, during judicial review of Plaintiff's 2010 application, the Commissioner took the position that Plaintiff's additional evidence submitted to the Appeals Council was not chronologically relevant to the 2010 application.  *See Norton*, No. 8:12-cv-2536-T-TBM (Doc. 27, at 14-16).

Following the denial by the Appeals Council but prior to the rulings by the district court and the Eleventh Circuit, Plaintiff filed a new application for SSI in November 2012 (the "2012 application"), claiming a disability onset date of September 1, 2011 (Sullivan Decl., Ex. G).  Upon review of the subsequent application, the Commissioner denied Plaintiff's application initially and on reconsideration, so Plaintiff requested an administrative hearing before an ALJ

(Sullivan Decl., Ex. H & I).  After conducting an administrative hearing, the ALJ issued a fully favorable decision on April 25, 2013, finding Plaintiff disabled since November 14, 2012, the date Plaintiff filed his second application (Sullivan Decl., Ex. J).  In reaching that conclusion, the ALJ therefore did not find that Plaintiff was disabled as of his alleged disability onset date, September 1, 2011, or as of the date Plaintiff requested review from the Appeals Council on his 2010 application, October 24, 2011.  Indeed, Plaintiff had not argued to the ALJ that he was disabled as of October 24, 2011.  Following the favorable decision on the 2012 application, Plaintiff did not request review from the Appeals Council regarding the onset date or any other issue (Sullivan Decl., ¶10).

On March 27, 2014, the district court affirmed the ALJ's decision denying Plaintiff benefits for Plaintiff's 2010 application.  *Norton*, 2014 WL 11444077, at *7.  In doing so, the district court considered Plaintiff's argument that the Appeals Council should have granted his request for review based on allegedly new and material evidence submitted subsequent to the ALJ's decision.  *Id.* at *5-*7.  The district court indicated that the Commissioner took the position that the Appeals Council considered the evidence but found that the evidence provided no basis for changing the ALJ's decision.  *Id.* at *5.  Upon consideration, the district court determined that, although the additional evidence might have suggested some worsening in Plaintiff's condition, it would not reflect on the period under review, especially when considered along with the other medical reports.  *Id.* at *6.  The district court then concluded that it could not agree with Plaintiff that the new evidence submitted to the Appeals Council undermined the ALJ's conclusions.  *Id.* at *6.  Plaintiff then appealed the denial of benefits related to the 2010 application to the Eleventh Circuit.  *Norton*, 607 F. App'x 913.

On April 3, 2014, shortly after the district court's decision on the 2010 application but nearly a year after the ALJ's decision on Plaintiff's 2012 application, Plaintiff's attorney sent a

letter to the SSA seeking to reopen the 2012 application and requesting that the SSA determine that his protective filing date was October 24, 2011, or the date he filed a Request for Review with the Appeals Council regarding the 2010 application (Sullivan Decl., Ex. K). In making such request, counsel asserted that the SSA violated Plaintiff's equal protection and due process rights because of its policy of not allowing an individual to make a claim for benefits while a request for review is pending or considering the date of the request for review as a protective filing date for a new application of benefits, regardless of whether new evidence was submitted to the Appeals Council (Sullivan Decl., Ex. K).

Thereafter, on May 21, 2014, the ALJ responded by letter to counsel, denying Plaintiff's request to reopen the November 2012 application and stating:

> This letter is in response to your correspondence dated April 3, 2014. Your letter requested a reopening of Dwayne Norton's application for Supplemental Security income filed on November 14, 2012, and requested an earlier protective filing date of October 24, 2011, which is when the claimant filed a Request to Review to the Appeals Council an unfavorable Administrative Law Judge decision based on a prior application. As you included with your letter, Social Security Ruling (SSR) 11-1p, which became effective July 28, 2011, provides that the Social Security Administration generally does not allow a claimant to have two claims for the same type of benefits pending at the same time. A claimant must choose between pursuing his or her administrative review rights on the pending disability claim or decline to pursue further administrative review and file a new application. As noted in SSR 11-1p, the ruling does not preclude an individual from reporting and submitting evidence of new medical conditions or a worsening of existing conditions. Based on this SSR, I will not reopen the claimant's Supplemental Security Income application to change the protective filing date.

(Sullivan Decl., Ex. L). Following receipt of the ALJ's letter, Plaintiff's counsel sent a letter on September 19, 2014 to the SSA's Tampa field office requesting to reopen his 2010 application (Sullivan Decl., Ex. M). In that letter, Plaintiff's counsel asserted that the State Disability Determination Service ("DDS") failed to request all of Plaintiff's records from the State of Florida Department of Corrections ("DOC") from one year prior to the date of Plaintiff's 2010 application for benefits, as required by the regulations (Sullivan Decl., Ex. M).

Accordingly, counsel requested that Plaintiff's 2010 application be reopened and that all of Plaintiff's records, from at least one year prior to the date of his application for benefits, be obtained from the DOC and that a new determination be made (Sullivan Decl., Ex. M).  Counsel asserted that, though the DDS's actions did not constitute fraud, such fault was similar to fraud such that no time limitations applied for reopening the prior claim (Sullivan Decl., Ex. M).  No response by the field office appears in Plaintiff's record (Sullivan Decl., ¶14).

Instead, the field office forwarded the request to the Appeals Council (Sullivan Decl., ¶15).  In an undated letter, the Appeals Council indicated that it considered the request to reopen as a request for review of the ALJ's May 21, 2014 letter decision regarding reopening the 2012 application (Sullivan Decl., Ex. N).  The Appeals Council explained that it deemed Plaintiff's request for review late but provided Plaintiff with an opportunity to present his reasons why his request for review was late (Sullivan Decl., Ex. N).  According to the Commissioner, Plaintiff's record does not indicate that Plaintiff provided a response to the Appeals Council's letter,[3] so, thereafter, on January 15, 2015, the Appeals Council issued a special dismissal of Plaintiff's request to reopen (Sullivan Decl., ¶¶16-17).[4]

Following that, on April 10, 2015, the Eleventh Circuit affirmed the decision of the district court, which had previously affirmed the decision of the ALJ denying Plaintiff's benefits on the 2010 application.  *Norton*, 607 F. App'x at 918.  On appeal to the Eleventh Circuit, Plaintiff again argued that remand to the Commissioner was necessary because the Appeals

---

[3]  Plaintiff does not dispute the fact that he failed to respond to the Appeals Council's letter.

[4]  The declaration indicates that the Appeals Council issued a special dismissal of Plaintiff's request to reopen the 2010 application (Sullivan Decl., at ¶17).  The undated letter from the Appeals Council indicates that the review related to the 2012 application not the 2010 application (Sullivan Decl., Ex. N).  The error in the declaration appears to be a scrivener's error.

Council failed to adequately evaluate his newly submitted evidence.[5]  *Id.*  The Eleventh Circuit rejected that argument as meritless, finding that the Appeals Council stated that it had considered the additional evidence, listed the specific evidence reviewed, and concluded without elaboration that the evidence did not provide a basis for altering the ALJ's decision. *Id.*  Going further, the Eleventh Circuit stated that the Appeals Council did not need to provide a thorough explanation of its decision and, although Plaintiff submitted several new pieces of evidence, the Appeals Council was only required to consider the evidence related to the period on or before the August 2011 ALJ hearing decision.  *Id.*  Specifically, with respect to Plaintiff's arguments relating to the Appeals Council's review and the district court's consideration of such review, the Eleventh Circuit found:

> Here, Norton's contention that remand was necessary because the Appeals Council did not adequately evaluate his newly submitted evidence is meritless. The Appeals Council stated that it had considered the additional evidence, listed what that specific evidence was, and concluded without elaboration that the evidence did not provide a basis for changing the ALJ's decision.  The Appeals Council was not required to provide a thorough explanation of its decision. Additionally, although Norton submitted several pieces of new evidence, the Appeals Council was only required to consider those that related to the period on or before the August 2011 ALJ hearing decision.  *Accordingly, although the Appeals Council did not acknowledge this fact, the urology records from 2012 were not properly a part of the administrative record.*
>
> Next, the magistrate judge did not err in refusing to remand Norton's case.  There was no error under sentence six because, although the evidence was new and noncumulative, and Norton had good cause for failing to produce the records before the ALJ, because they did not yet exist, the records were not material because they would not have changed the outcome of the proceeding.  Although Norton complained of 6 to 12 months of urinary issues when he first sought treatment from Dr. Fusia, and he was given several prescriptions to resolve his frequent urination, there were no objective findings that supported his subjective complaints, and no indicating that his frequent urination prevented him from performing the full range of medium work. Even assuming his complaint was true, the ALJ was already aware of his urinary issues through the records from Dr. Biggers and Norton's hearing testimony, and thus it did not appear probable that the new evidence would have produced a different result.  On the above, the magistrate judge did not err in refusing to remand Norton's case for

---

[5]  The Eleventh Circuit did not articulate the Commissioner's position on appeal.

consideration of the additional medical records, and thus we affirm the district court's denial of Norton's motion for remand.

*Id.* (emphasis added) (internal citations omitted).

Subsequently, on September 9, 2016, more than a year after the Eleventh Circuit's decision, Plaintiff initiated the instant action by filing his Complaint for Writ of Mandamus and Declaratory Judgment (Doc. 1). Essentially, Plaintiff asserted that Social Security Ruling 11-1p ("SSR 11-1p") is unconstitutional on its face as it denies a class of Social Security claimants of equal protection and due process under the law. Notably, Social Security Ruling 11-1p states:

> If you choose to pursue your disability claim that is pending at the Appeals Council, and you submit additional evidence, the Appeals Council will first determine whether the additional evidence relates to the period on or before the date of the hearing decision. When the additional evidence is new and material and relates to the period on or before the date of the hearing decision, the Appeals Council will consider it, together with the entire record. The Appeals Council will review your case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

> If the new and material evidence that relates to the period on or before the date of the hearing decision shows a critical or disabling condition, the Appeals Council will expedite its review of your pending claim.

> **When the additional evidence does not relate to the period on or before the date of your hearing decision, the Appeals Council will return the additional evidence to you. The notice returning the additional evidence will explain why the Appeals Council did not accept the evidence and inform you that, under certain circumstances, we will consider the date you filed the request for Appeals Council review as the filing date for your new claim.** If you originally filed for disability benefits under title II, and you file a new application for title II disability benefits within six months of the date of this notice, we will use the date of your request for Appeals Council review as the filing date. **If both applications are for Supplemental Security Income payments based on disability under title XVI, and you file the new application within 60 days from the date of the notice, we will use the date you requested Appeals Council review as the filing date for the new claim.** We will permit the filing of a new disability claim after the Appeals Council completes its action on the request for review of the pending claim.

SSR 11-1p, 2011 WL 3962767, at *3 (SSA July 28, 2011) (emphasis added) (internal citations omitted). Additionally, Plaintiff asserted that the Commissioner inconsistently applies SSR 11-1p, which deprives claimants of equal protection under the law. Plaintiff therefore requested that the Court declare SSR 11-1p unconstitutional under the 5th and 14th amendments to the U.S. Constitution, enjoin the Commissioner from continuing to implement SSR 11-1p in an unconstitutional manner, and issue a writ of mandamus compelling the Commissioner to immediately accept an application for SSI benefits from Plaintiff using a filing date of October 24, 2011, rather than his application date of November 14, 2012, to determine whether Plaintiff was disabled and entitled to SSI benefits from October 24, 2011 through November 14, 2012.

In response, the Commissioner moved to dismiss the action (Doc. 15), arguing that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, as the Court lacked subject matter jurisdiction to consider the issues raised by Plaintiff. Specifically, the Commissioner argued that Plaintiff could not establish federal question jurisdiction, mandamus jurisdiction, or jurisdiction pursuant to 42 U.S.C. § 405(g). Plaintiff responded in opposition, arguing that mandamus jurisdiction was not precluded, the Commissioner took conflicting positions at the administrative level and on appeal to the federal courts with respect to whether the evidence submitted to the Appeals Council was material and chronologically relevant, and Plaintiff had no means to exhaust his administrative remedies nor any other remedy to pursue his claim (Doc. 18).

Upon consideration of the Motion to Dismiss, the undersigned conducted a hearing on November 30, 2017, at which the parties presented oral argument on the motion. At first, the undersigned provided an opportunity for the parties to submit supplemental briefing regarding whether any constitutional violations occurred. Following another hearing, however, the parties agreed that the Commissioner would withdraw the Motion to Dismiss (Doc. 15), leading

to the denial of the motion as moot (Doc. 28).  The parties further agreed to discuss potential resolution of the issues, with Plaintiff to file a motion for summary judgment within 30 days if no resolution could be reached.

Plaintiff failed to timely file a motion seeking summary judgment or indicating that the parties reached a settlement of the issues in this matter and also failed to appear at a telephonic conference on the matter.  Accordingly, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why the cause should not be dismissed for failure to adhere to the deadlines set by the undersigned and for failure to appear at the scheduled hearing (Doc. 30).  In response, Plaintiff's counsel indicated that he did not see the notice of hearing but provided no reason for failing to meet the deadline for filing a motion for summary judgment. Notwithstanding, the undersigned conducted another hearing, at which the Commissioner indicated that settlement might be possible, but the Commissioner required Plaintiff's motion for summary judgment to take to the SSA for consideration.  Given the potential for settlement, the undersigned provided the parties 20 days to meet and confer regarding settlement and scheduled yet another hearing on the matter.

Prior to the final hearing, Plaintiff filed the instant Motion for Summary Judgment (Doc. 35).  In the motion, Plaintiff frames the issue before the Court in the following terms:

> This case pertains to a situation where the Appeals Council receives new evidence after the issuance of an [ALJ] decision, denies a request for review, does not indicate in the denial whether the new evidence is chronologically material, and the [SSA] takes the position, in an appeal to Federal Court, that the evidence is not chronologically relevant.

(Doc. 35, at 1).  By the motion, therefore, Plaintiff argues that mandamus jurisdiction provides an avenue for him to bring his claims in this action, that no means exist for exhausting his administrative remedies with respect to his claims, and that the Appeals Council erred in failing

to indicate whether the new evidence submitted by Plaintiff was material or chronologically relevant, thus warranting remand for an amended decision by the Appeals Council.

Following that, during the final hearing, the undersigned provided the Commissioner 45 days to respond to Plaintiff's Motion for Summary Judgment.  In accordance with the undersigned's directive, the Commissioner timely responded in opposition to Plaintiff's Motion for Summary Judgment (Doc. 37).  In response, the Commissioner asserts that "the real issue is whether Plaintiff timely and properly appealed and requested review of the ALJ's decision finding him disabled as of November [14], 2012" (Doc. 37, at 1-2).  To that end, the Commissioner argues that (1) Plaintiff failed to satisfy the requirements for judicial review under 42 U.S.C. § 405(g) because he failed to exhaust his administrative remedies; (2) Plaintiff failed to demonstrate subject matter jurisdiction exists over his request to reopen because judicial review is unavailable for requests to reopen; (3) Plaintiff's 2010 application and subsequent review and appeal are not at issue in this case; and (4) Plaintiff may not pursue his claims pursuant to mandamus jurisdiction.

## II.      Standard of Review

Summary judgment is appropriate where the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.[6]  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012).  In reviewing the motion, courts must view the evidence and make all factual inferences in a light most favorable to the non-moving party and resolve all reasonable doubts about the facts in favor of the non-movant.

---

[6] The parties agree that this case does not involve any disputed issues of material fact.  Rather, the issues before the Court involve purely legal questions.

*Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (citation omitted).

### III.     Discussion

Federal courts may only review administrative decisions of the SSA as provided in 42 U.S.C. § 405(g).  42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or governmental agency except as herein provided"); *see Bloodsworth v. Heckler*, 703 F.2d 1233, 1236 (11th Cir. 1983).   Under 42 U.S.C. § 405(g), an individual may obtain review of a final decision of the Commissioner made after a hearing to which the individual was a party by a civil action commenced within 60 days after the mailing to the individual notice of such decision.[7]  Namely, to obtain review under 42 U.S.C. § 405(g), a claimant must have presented a claim for benefits to the Commissioner and exhausted his or her administrative remedies, meaning the "claimant must have completed each of the steps of the administrative review process unless exhaustion has been waived." *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997).

The administrative review process involves four steps of review, including an initial determination, reconsideration, hearing before an ALJ, and review by the Appeals Council.  20 C.F.R. § 416.1400(a)(1)-(4).   Specifically, when a claimant is dissatisfied with an initial determination regarding benefits, the next step is to request reconsideration.  20 C.F.R. §§ 416.1400(a)(1)-(2), 416.1407.   If the claimant then is dissatisfied with the reconsideration determination, the claimant may request a hearing before an ALJ.  20 C.F.R. §§ 416.1400(a)(3), 416.1407.  Subsequently, if the claimant or any other party is dissatisfied with the ALJ's hearing

---

[7]  Under 42 U.S.C. § 1383(c)(3), the final determination of the Commissioner on SSI claims is subject to judicial review as provided in 42 U.S.C. § 405(g).  Accordingly, this Report and Recommendation will only refer to the standard for review under 42 U.S.C. § 405(g), as no significant difference exists between the standard for SSI claims and the standard for disability insurance benefits.

decision or with the dismissal of a hearing request, the claimant may request that the Appeals Council review the action within 60 days after the claimant receives notice of the ALJ's hearing decision or dismissal. 20 C.F.R. §§ 416.1400(4), 416.1467, 416.1468. "If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases." *Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citations omitted). In fact, if a claimant is dissatisfied with the Commissioner's decision at any point in the review process, but the claimant does not take the next step within the stated time period, the claimant will lose his or her right to further administrative review and the right to judicial review, unless the claimant can demonstrate that good cause existed for the failure to make a timely request for review. 20 C.F.R. § 416.1400(b).

As the Commissioner asserts, the Supreme Court acknowledges the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts. *McCarthy v. Madigan,* 503 U.S. 140, 144-45 (1992) (citation omitted)[8]; *see Sims*, 530 U.S. at 103 (stating that a claimant who fails to request review from the Appeals Council may not obtain judicial review because the claimant failed to exhaust administrative remedies). The requirement to exhaust administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy,* 503 U.S. at 145. The exhaustion doctrine recognizes both "the notion, grounded in deference to Congress'

---

[8] In *McCarthy*, the Supreme Court determined that Congress did not express in 42 U.S.C. § 1997e an intent to require federal prisoners to exhaust administrative remedies before seeking *Bivens* relief in federal courts. Congress later amended 42 U.S.C. § 1997e to remove the term emphasized by the Supreme Court in reaching its holding in *McCarthy*, thereby superseding the holding of *McCarthy* by statute. *See Booth v. Churner*, 532 U.S. 731, 739-41 (2001). The overarching principles regarding exhaustion of administrative remedies announced in *McCarthy* remain generally applicable, including in the context of Social Security disability appeals. *See, e.g., Snyder v. Comm'r of Soc. Sec.*, No. 3:08cv014, 2009 WL 891771, at *4 (S.D. Ohio Mar. 31, 2009).

delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer" and "the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Id.*

In this instance, Plaintiff essentially seeks review of the 2012 application in challenging the disability onset date determined by the ALJ. As the Commissioner contends, however, Plaintiff failed to timely request review of the 2012 application. Indeed, as noted above, the ALJ issued a fully favorable decision regarding the 2012 application on April 25, 2013, finding Plaintiff disabled since November 14, 2012 (Sullivan Decl., Ex. J). Plaintiff did not request review from the Appeals Council within 60 days of the notice of the ALJ's decision (Sullivan Decl., ¶10). *See* 20 C.F.R. §§ 416.1467, 416.1468. Instead, on April 3, 2014, almost a year after the ALJ rendered the decision on the 2012 application, Plaintiff's attorney sent a letter to the SSA seeking to reopen the 2012 application and requesting that the SSA determine that Plaintiff's protective filing date be October 24, 2011 (Sullivan Decl., Ex. K). Such a request was untimely and did not satisfy the administrative exhaustion requirements.

Going further, upon receipt of the April 2014 letter, the ALJ succinctly and correctly informed Plaintiff in May 2014 that reopening the 2012 application and amendment of the onset date were improper (Sullivan Decl., Ex. L). Plaintiff then sent a letter requesting to reopen the 2010 application, which the SSA sent to the Appeals Council, wherein the Appeals Council considered the letter as a request to review the ALJ's May 2014 letter decision denying reopening of the 2012 application (Sullivan Decl., ¶15 & Exs. M & N). The Appeals Council properly deemed Plaintiff's request for review late, *but* the Appeals Council provided Plaintiff with an opportunity to present his reasons why his request for review was late (Sullivan Decl.,

Ex. N).  Plaintiff failed to respond to the Appeals Council or otherwise continue the pursuit of his administrative remedies.  Thereafter, on January 15, 2015, the Appeals Council issued a special dismissal of Plaintiff's request to reopen (Sullivan Decl., ¶¶16-17).  At no time, therefore, did Plaintiff exhaust his administrative remedies with respect to the 2012 application.  Accordingly, Plaintiff failed to establish one of the requirements to obtain judicial review under 42 U.S.C. § 405(g).  *Crayton*, 120 F.3d at 1220.  As such, Plaintiff may not seek relief in this forum regarding his 2012 application.

Moreover, as the Commissioner argues, to the extent Plaintiff seeks any relief with respect to the 2010 application, such request to review a decision on whether to reopen the 2010 application simply is not subject to review.  Under the regulations, the Commissioner may decide on its own motion to review an action taken in a claimant's case anytime within 60 days of the date of the decision.  20 C.F.R. § 416.1469(a).  The Commissioner may also reopen or revise a determination or decision on its own initiative within two years of the date of the notice of the initial determination for SSI if it finds good cause to reopen the case.  20 C.F.R §§ 416.1487(b), 416.1488(b).  The requisite "good cause" exists where (1) new and material evidence is furnished; (2) a clerical error in the computation or recomputation of benefits was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its face that an error occurred.  20 C.F.R. § 416.1489(a)(1)-(3).

"As a general matter, district courts do not have jurisdiction over the Commissioner's refusal to reopen a claim, since such a refusal is not a 'final decision' within the meaning of § 405(g)."  *Cash v. Barnhart*, 327 F.3d 1252, 1256 (11th Cir. 2003) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977)).  Rather, the refusal to reopen an earlier application ordinarily constitutes an interim decision not reviewable under 42 U.S.C. § 405(g).  *Cash*, 327 F.3d at 1256.  Indeed, the regulations explicitly state that denials of requests to reopen a determination

or decision may be reviewed by the SSA but are not subject to the administrative review process and likewise are not subject to judicial review.  20 C.F.R. § 416.1403(a)(5).  Accordingly, to the extent Plaintiff contends that the Court should review the decision to not reopen the 2010 application such contention lacks merit.

Furthermore, Plaintiff's attempts to relitigate any issues related to the 2010 application are foreclosed.  As noted, Plaintiff exhausted his administrative remedies with respect to the 2010 application and litigated the matter through the district court to the Eleventh Circuit.  *See Norton*, No. 8:12-cv-2536-T-TBM, 2014 WL 11444077, *aff'd sub nom. at* 607 F. App'x 913. In doing so, he presented arguments relating to the evidence submitted to and considered by the Appeals Council before both the district court and the Eleventh Circuit.  *See Norton*, No. 8:12-cv-2536-T-TBM, 2014 WL 11444077, *aff'd sub nom. at* 607 F. App'x 913.  Plaintiff fails to identify any basis for relitigating those issues again or for reconsidering the decision of the Eleventh Circuit in this forum.

Finally, Plaintiff's argument that the Court should issue a writ of mandamus also fails. Pursuant to 28 U.S.C. § 1361, district courts possess "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus constitutes an "extraordinary remedy" only to be used in the "clearest and most compelling of cases."  *Cash*, 327 F.3d at 1257 (citation and quotation omitted).  The question a court must consider is whether mandamus provides an appropriate means of relief.  *Id.* at 1258.  Namely, mandamus provides an appropriate means of relief when: (1) the plaintiff possesses a clear right to the relief requested; (2) the defendant maintains a clear duty to act; and (3) no other adequate remedy is available to the plaintiff.  *Id.* (citation and quotation omitted).  "Put another way, a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other

avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

The Eleventh Circuit has not definitively determined whether mandamus jurisdiction is barred by 42 U.S.C. § 405(h). *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 n.3 (11th Cir. 2004). Even assuming, *arguendo*, that 28 U.S.C. § 1361 provides a basis for the Court's jurisdiction over Plaintiff's claims, Plaintiff failed to establish that he had no other adequate remedy available to him and that he exhausted all other avenues of relief. As discussed, the Appeals Council expressed its willingness to review Plaintiff's arguments regarding the 2012 application, notwithstanding the untimely nature of such review (Sullivan Decl., Ex. N). The Appeals Council explicitly advised Plaintiff that:

> If you show that you did not receive notice of the Administrative Law Judge's action within 5 days after the date on it, the Appeals Council may find that your appeal is timely.

> If you show that you had a good reason for filing late, the Appeals Council will extend the time period and find that your appeal is timely.

> If you do not show that you had a good reason for filing late, the Appeals Council will dismiss your request for review.

(Sullivan Decl., Ex. N). Given such opportunity, Plaintiff could have argued that he in fact "had a good reason for filing late" due to the purported misapplication of SSR 11-1p and based upon the district court's findings on appeal. Rather, Plaintiff failed to respond to the Appeals Council's letter and thus failed to take advantage of the opportunity to address the matter before the Appeals Council or to allow the Appeals Council to rectify any error that might have occurred during the administrative review process. Review by the Appeals Council constituted an adequate and, more importantly, an appropriate remedy that Plaintiff chose to forego. Plaintiff's assertion that no other adequate remedy existed and that he therefore must seek the

"extraordinary remedy" of a writ of mandamus, given the failure to properly pursue his administrative remedies, lacks merit.

Simply stated, Plaintiff had an adequate remedy to challenge the onset date for the 2012 application. Despite receiving a full award of benefits for the 2012 application, Plaintiff maintained the ability to appeal the onset date to the Appeals Council and then, if necessary, to seek judicial review of the onset date. Despite Plaintiff's failure to timely seek review of the onset date, the Appeals Council provided Plaintiff an additional opportunity to address the matter, yet, for some undisclosed reason, Plaintiff simply did not pursue his administrative remedy. Despite Plaintiff's multiple attempts to seek redress of this issue with the Commissioner, the failure to follow through with administrative remedies regarding the onset date of the 2012 application to the Appeals Council is fatal to Plaintiff's claim in this action.

Plaintiff's inaction with the Appeals Council is of vital import, but the Commissioner's actions in this matter also warrant discussion. Without question, the Commissioner's position is curious and deserving of criticism because the Commissioner's position taken during judicial review of Plaintiff's 2010 application conflicted with SSR 11-1p. Plaintiff submitted new evidence to the Appeals Council for consideration in connection with his 2010 application, and, in rendering its decision, the Appeals Council remained silent as to whether it considered the new evidence chronologically relevant. Notably, the Appeals Council did not provide a notice informing Plaintiff that it did not find Plaintiff's new evidence chronologically relevant to his 2010 application. If the Appeals Council made such a determination, then, as required by SSR 11-1p, the Appeals Council should have returned the new evidence to Plaintiff with a notice and granted Plaintiff a protective filing date of October 24, 2011. Since the Appeals Council did not provide such a notice or a protective filing date, it appears that the Appeals Council considered the new evidence chronologically relevant but nevertheless still rejected Plaintiff's

2010 application.  In contrast, however, the Commissioner asserted during judicial review of the 2010 application that Plaintiff's new evidence was not chronologically relevant to Plaintiff's 2010 application.  Given this position, under SSR 11-1p, the Plaintiff's 2012 application should have been considered protectively filed on October 24, 2011, the date Plaintiff submitted the new evidence to the Appeals Council.  In light of this clear conflict in the Commissioner's positions between Plaintiff's 2010 and 2012 applications, and the fact that review in the Social Security context is inquisitorial rather than adversarial in nature, *see Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007), the Commissioner could reopen Plaintiff's 2012 application and determine whether Plaintiff should be deemed disabled with an onset date of October 24, 2011.[9]  Though, as the Commissioner contends, this Court cannot address Plaintiff's claim, the Commissioner maintains the authority to do so, and any inaction by the Commissioner will only likely invite future claimants faced with a similar dilemma to take steps to avoid a similar fate (*i.e.* future claimants may begin to appeal onset dates even after a full award of benefits, and such appeals would prove wasteful of both the Commissioner's and the judiciary's resources).

**IV.    Conclusion**

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1.  Plaintiff's Motion for Summary Judgment (Doc. 35) be DENIED.

---

[9] The undersigned in no way infers or makes any finding as to whether Plaintiff was disabled during the gap between the period from October 24, 2011 through November 14, 2012.

IT IS SO REPORTED in Tampa, Florida, on this 8th day of February, 2019.


ANTHONY E. PORCELLI
United States Magistrate Judge



## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:    Hon. James S. Moody, Jr.
        Counsel of Record