UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE NORTON,

        Plaintiff,

v.                                                                         Case No. 8:16-cv-2599-T-30AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

        Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this action, seeking declaratory and injunctive relief or, alternatively, a writ of mandamus against the Commissioner of Social Security (the "Commissioner") regarding the Social Security Administration's ("SSA") policy governing consideration of an application for Supplemental Security Income ("SSI") benefits during the pendency of a request for review before the Appeals Council relating to a prior application for SSI benefits (Doc. 1). Subsequently, Plaintiff moved for summary judgment (Doc. 35), which the Court denied (Docs. 40 & 41). Plaintiff again moves for summary judgment (Doc. 52), and the Commissioner responds in opposition (Doc. 54). Namely, Plaintiff argues that a writ of mandamus should issue and that the policy set forth in Social Security Ruling 11-1p ("SSR 11-1p") violates both Plaintiff's equal protection rights and due process rights. For the following reasons, it is recommended that the instant Motion for Summary Judgment (Doc. 52) similarly be denied, judgment be entered in favor of the Commissioner, and the case be closed.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.      Background

Plaintiff applied for SSI in March 2010 (the "2010 application"), claiming disability beginning on January 1, 1993 (Doc. 54-1, Declaration of Sheryl Sullivan ("Sullivan Decl."), Ex. A).   Upon review, the Commissioner denied Plaintiff's application initially, on reconsideration, and following an administrative hearing with the Administrative Law Judge ("ALJ") (Sullivan Decl., Exs. B-D).   The ALJ issued her opinion on August 31, 2011, after which Plaintiff requested review from the Appeals Council on October 24, 2011, and included additional evidence (Sullivan Decl., Exs. D & E).   Approximately a year later, on October 26, 2012, the Appeals Council denied Plaintiff's request for review, after reviewing Plaintiff's stated reasons for disagreement and the additional evidence provided (Sullivan Decl., Ex. F). In doing so, the Appeals Council stated that it considered the reasons Plaintiff disagreed with the ALJ's decision, along with the additional evidence listed on the Order of Appeals Council, in concluding that the information did not provide a basis for changing the ALJ's decision (Sullivan Decl., Ex. F, at 2).   The Order of Appeals Council indicated that the Appeals Council received additional evidence, which it made part of the record and which consisted of the following: (1) Request for Review of Hearing Decision/Order dated October 24, 2011; (2) Representative Brief dated December 20, 2011; (3) Medical Records from St. Mary's Neurological Center dated November 30, 2011 through April 24, 2012; (4) Medical Records from Florida Urology Partners Virginia dated January 11, 2012 through June 5, 2012; (5) Medical Records from Ankle and Foot Associates dated August 24, 2010 through July 5, 2012; and (6) Medical Records from  Elizabeth Biggers DO dated August 15, 2011 through August 24, 2012 (Sullivan Decl., Ex. F, at 4).   In doing so, the Appeals Council did not provide a notice to Plaintiff returning any additional evidence unrelated to the period on or before the date of

the ALJ's decision or explaining why the Appeals Council did not accept such additional evidence.

Consequently, given the Appeals Council's denial, Plaintiff appealed to the United States District Court for the Middle District of Florida (the "district court") and then to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit"), each of which affirmed the decision of the Commissioner.  *See Norton v. Colvin*, No. 8:12-cv-2536-T-TBM, 2014 WL 11444077 (M.D. Fla. Mar. 27, 2014), *aff'd sub nom. Norton v. Comm'r of Soc. Sec.*, 607 F. App'x 913 (11th Cir. 2015).  During judicial review of Plaintiff's 2010 application, the Commissioner took the position that Plaintiff's additional evidence submitted to the Appeals Council was not chronologically relevant to the 2010 application.  *See Norton*, No. 8:12-cv-2536-T-TBM (Doc. 27, at 14-16).

Following the denial by the Appeals Council but prior to the rulings by the district court and the Eleventh Circuit, Plaintiff filed a new application for SSI in November 2012 (the "2012 application"), claiming a disability onset date of September 1, 2011 (Sullivan Decl., Ex. G). Upon review of the 2012 application, the Commissioner denied Plaintiff's application initially and on reconsideration, so Plaintiff requested an administrative hearing before an ALJ (Sullivan Decl., Ex. H & I).  After conducting an administrative hearing, the ALJ issued a fully favorable decision on April 25, 2013, finding Plaintiff disabled since November 14, 2012, the date Plaintiff filed his second application (Sullivan Decl., Ex. J).  In reaching that conclusion, the ALJ therefore did not find that Plaintiff was disabled as of his original alleged disability onset date, September 1, 2011, or as of the date Plaintiff requested review from the Appeals Council on his 2010 application, October 24, 2011.  Indeed, Plaintiff had not argued to the ALJ that he was disabled as of October 24, 2011.  Following the favorable decision on the 2012 application,

Plaintiff did not request review from the Appeals Council regarding the onset date or any other issue (Sullivan Decl., ¶10).

On March 27, 2014, the district court affirmed the ALJ's decision denying Plaintiff benefits for Plaintiff's 2010 application. *Norton*, 2014 WL 11444077, at *7.  In doing so, the district court considered Plaintiff's argument that the Appeals Council should have granted his request for review based on allegedly new and material evidence submitted subsequent to the ALJ's decision. *Id.* at *5-*7.  The district court indicated that the Commissioner took the position that the Appeals Council considered the evidence but found that the evidence provided no basis for changing the ALJ's decision. *Id.* at *5.  Upon consideration, the district court determined that, although the additional evidence might have suggested some worsening in Plaintiff's condition, it would not reflect on the period under review, especially when considered along with the other medical reports. *Id.* at *6.  The district court concluded that it could not agree with Plaintiff that the new evidence submitted to the Appeals Council undermined the ALJ's conclusions. *Id.* at *6.  Plaintiff then appealed the denial of benefits related to the 2010 application to the Eleventh Circuit. *Norton*, 607 F. App'x 913.

On April 3, 2014, shortly after the district court's decision on the 2010 application but nearly a year after the ALJ's decision on Plaintiff's 2012 application, Plaintiff's attorney sent a letter to the SSA seeking to reopen the 2012 application and requesting that the SSA determine that his protective filing date was October 24, 2011, or the date he filed a Request for Review with the Appeals Council regarding the 2010 application (Sullivan Decl., Ex. K).  In making such request, counsel asserted that the SSA violated Plaintiff's equal protection and due process rights because of its policy of not allowing an individual to make a claim for benefits while a request for review is pending or considering the date of the request for review as a protective

filing date for a new application of benefits, regardless of whether new evidence was submitted to the Appeals Council (Sullivan Decl., Ex. K).

Thereafter, on May 21, 2014, the ALJ responded by letter to counsel, denying Plaintiff's request to reopen the November 2012 application and stating:

> This letter is in response to your correspondence dated April 3, 2014.  Your letter requested a reopening of Dwayne Norton's application for Supplemental Security income filed on November 14, 2012, and requested an earlier protective filing date of October 24, 2011, which is when the claimant filed a Request to Review to the Appeals Council an unfavorable Administrative Law Judge decision based on a prior application.  As you included with your letter, Social Security Ruling (SSR) 11-1p, which became effective July 28, 2011, provides that the Social Security Administration generally does not allow a claimant to have two claims for the same type of benefits pending at the same time.  A claimant must choose between pursuing his or her administrative review rights on the pending disability claim or decline to pursue further administrative review and file a new application.  As noted in SSR 11-1p, the ruling does not preclude an individual from reporting and submitting evidence of new medical conditions or a worsening of existing conditions.  Based on this SSR, I will not reopen the claimant's Supplemental Security Income application to change the protective filing date.

(Sullivan Decl., Ex. L).  Following receipt of the ALJ's letter, Plaintiff's counsel sent a letter on September 19, 2014 to the SSA's Tampa field office requesting to reopen his 2010 application (Sullivan Decl., Ex. M).  In that letter, Plaintiff's counsel asserted that the State Disability Determination Service ("DDS") failed to request all of Plaintiff's records from the State of Florida Department of Corrections ("DOC") from one year prior to the date of Plaintiff's 2010 application for benefits, as required by the regulations (Sullivan Decl., Ex. M). Accordingly, counsel requested that Plaintiff's 2010 application be reopened and that all of Plaintiff's records, from at least one year prior to the date of his application for benefits, be obtained from the DOC and that a new determination be made (Sullivan Decl., Ex. M).  Counsel asserted that, though the DDS's actions did not constitute fraud, such fault was similar to fraud such that no time limitations applied for reopening the prior claim (Sullivan Decl., Ex. M).  No response by the field office appears in Plaintiff's record (Sullivan Decl., ¶14).

Instead, the field office forwarded the request to the Appeals Council (Sullivan Decl., ¶15).  In an undated letter, the Appeals Council indicated that it considered the request to reopen as a request for review of the ALJ's May 21, 2014 letter decision regarding reopening (Sullivan Decl., Ex. N).  The Appeals Council explained that it deemed Plaintiff's request for review late but provided Plaintiff with an opportunity to present his reasons why his request for review was late (Sullivan Decl., Ex. N).  According to the Commissioner, Plaintiff's record does not indicate that Plaintiff provided a response to the Appeals Council's letter,[2] so, thereafter, on January 15, 2015, the Appeals Council issued a special dismissal of Plaintiff's request to reopen (Sullivan Decl., ¶¶16-17).

Following that, on April 10, 2015, the Eleventh Circuit affirmed the decision of the district court, which had previously affirmed the decision of the ALJ denying Plaintiff's benefits on the 2010 application.  *Norton*, 607 F. App'x at 918.  On appeal to the Eleventh Circuit, Plaintiff again argued that remand to the Commissioner was necessary because the Appeals Council failed to adequately evaluate his newly submitted evidence.[3] *Id.*  The Eleventh Circuit rejected that argument as meritless, finding that the Appeals Council stated that it had considered the additional evidence, listed the specific evidence reviewed, and concluded without elaboration that the evidence did not provide a basis for altering the ALJ's decision. *Id.*  Going further, the Eleventh Circuit stated that the Appeals Council did not need to provide a thorough explanation of its decision and, although Plaintiff submitted several new pieces of evidence, the Appeals Council was only required to consider the evidence related to the period on or before the August 2011 ALJ hearing decision.  *Id.*  Specifically, with respect to Plaintiff's

---

[2]  Plaintiff does not dispute the fact that he failed to respond to the Appeals Council's letter.

[3]  The Eleventh Circuit did not articulate the Commissioner's position on appeal.

arguments relating to the Appeals Council's review and the district court's consideration of such review, the Eleventh Circuit found:

> Here, Norton's contention that remand was necessary because the Appeals Council did not adequately evaluate his newly submitted evidence is meritless. The Appeals Council stated that it had considered the additional evidence, listed what that specific evidence was, and concluded without elaboration that the evidence did not provide a basis for changing the ALJ's decision.  The Appeals Council was not required to provide a thorough explanation of its decision. Additionally, although Norton submitted several pieces of new evidence, the Appeals Council was only required to consider those that related to the period on or before the August 2011 ALJ hearing decision.  Accordingly, although the Appeals Council did not acknowledge this fact, the urology records from 2012 were not properly a part of the administrative record.
>
> Next, the magistrate judge did not err in refusing to remand Norton's case.  There was no error under sentence six because, although the evidence was new and noncumulative, and Norton had good cause for failing to produce the records before the ALJ, because they did not yet exist, the records were not material because they would not have changed the outcome of the proceeding.  Although Norton complained of 6 to 12 months of urinary issues when he first sought treatment from Dr. Fusia, and he was given several prescriptions to resolve his frequent urination, there were no objective findings that supported his subjective complaints, and no indication that his frequent urination prevented him from performing the full range of medium work. Even assuming his complaint was true, the ALJ was already aware of his urinary issues through the records from Dr. Biggers and Norton's hearing testimony, and thus it did not appear probable that the new evidence would have produced a different result.  On the above, the magistrate judge did not err in refusing to remand Norton's case for consideration of the additional medical records, and thus we affirm the district court's denial of Norton's motion for remand.

*Id.* (internal citations omitted).

Subsequently, on September 9, 2016, more than a year after the Eleventh Circuit's decision, Plaintiff initiated the instant action by filing his Complaint for Writ of Mandamus and Declaratory Judgment (Doc. 1).   Essentially, Plaintiff asserted that SSR 11-1p is unconstitutional on its face as it denies a class of Social Security claimants equal protection and due process under the law.  Notably, SSR 11-1p states:

> *If You Choose to Pursue Your Pending Disability Claim Instead of Filing a New Claim Under the Same Title and of the Same Type*

If you decide to pursue your administrative review rights on the pending disability claim, we will not accept your subsequent application for benefits under the same title and for the same type of benefit as the pending claim. Although we will not accept your subsequent application while your prior disability claim is pending administrative review, you can still provide us with evidence that is relevant to your pending claim, in accordance with our existing regulations and procedures. …

\*\*\*

*Claim Pending With the Appeals Council*

If you choose to pursue your disability claim that is pending at the Appeals Council, and you submit additional evidence, the Appeals Council will first determine whether the additional evidence relates to the period on or before the date of the hearing decision. When the additional evidence is new and material and relates to the period on or before the date of the hearing decision, the Appeals Council will consider it, together with the entire record. 20 CFR 404.970(b), 416.1470(b), and 405.373. The Appeals Council will review your case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. Id.

If the new and material evidence that relates to the period on or before the date of the hearing decision shows a critical or disabling condition, the Appeals Council will expedite its review of your pending claim.

When the additional evidence does not relate to the period on or before the date of your hearing decision, the Appeals Council will return the additional evidence to you. 20 CFR 404.976(b), 416.1476(b). The notice returning the additional evidence will explain why the Appeals Council did not accept the evidence and inform you that, under certain circumstances, we will consider the date you filed the request for Appeals Council review as the filing date for your new claim. If you originally filed for disability benefits under title II, and you file a new application for title II disability benefits within six months of the date of this notice, we will use the date of your request for the Appeals Council review as the filing date. If both applications are for Supplemental Security Income payments based on disability under title XVI, and you file the new application within 60 days from the date of the notice, we will use the date you requested Appeals Council review as the filing date for the new claim. We will permit the filing of a new disability claim after the Appeals Council completes its action on the request for review of the pending claim.

If the additional evidence that does not relate to the period on or before your hearing decision shows a new critical or disabling condition, and you tell us that you want to file a new claim based on this evidence, the Appeals Council may permit you to file a new disability claim before it completes its action on your request for review of the pending claim.

> *If You Choose To Decline Further Review of Your Pending Disability Claim and Instead File a New Claim Under the Same Title and of the Same Type*
>
> If, on the other hand, you decide to decline to pursue further administrative review on the pending disability claim and file a new application, we will assess your eligibility for any other benefits and take applications for these benefits. When you received an unfavorable or partially favorable decision from us on your pending claim, we explained the effect that not pursuing an appeal might have on your possible entitlement to benefits.

SSR 11-1p, 2011 WL 3962767, at *2-*3 (SSA July 28, 2011) (internal footnote omitted).

Additionally, Plaintiff asserted that the Commissioner inconsistently applies SSR 11-1p, which deprives claimants of equal protection under the law.  Plaintiff therefore requested that the Court declare SSR 11-1p unconstitutional under the Fifth and Fourteenth Amendments to the U.S. Constitution, enjoin the Commissioner from continuing to implement SSR 11-1p in an unconstitutional manner, and issue a writ of mandamus compelling the Commissioner to immediately accept an application for SSI benefits from Plaintiff using a filing date of October 24, 2011, rather than his application date of November 14, 2012, to determine whether Plaintiff was disabled and entitled to SSI benefits from October 24, 2011 through November 14, 2012.

In response, the Commissioner moved to dismiss the action (Doc. 15), arguing that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, as the Court lacked subject matter jurisdiction to consider the issues raised by Plaintiff.  Specifically, the Commissioner argued that Plaintiff could not establish federal question jurisdiction, mandamus jurisdiction, or jurisdiction pursuant to 42 U.S.C. § 405(g). Plaintiff responded in opposition, arguing that mandamus jurisdiction was not precluded, the Commissioner took conflicting positions at the administrative level and on appeal to the federal courts with respect to whether the evidence submitted to the Appeals Council was material and chronologically relevant, and Plaintiff had no means to exhaust his administrative remedies nor any other remedy to pursue his claim (Doc. 18).

Upon consideration of the Motion to Dismiss, the undersigned conducted a hearing on November 30, 2017, at which the parties presented oral argument on the motion.  At first, the undersigned provided an opportunity for the parties to submit supplemental briefing regarding whether any constitutional violations occurred.  Following another hearing, however, the parties agreed that the Commissioner would withdraw the Motion to Dismiss (Doc. 15), leading to the denial of the motion as moot (Doc. 28).  The parties further agreed to discuss potential resolution of the issues, with Plaintiff to file a motion for summary judgment within 30 days if no resolution could be reached.

Plaintiff failed to timely file a motion seeking summary judgment or indicating that the parties reached a settlement of the issues in this matter and likewise failed to appear at a telephonic conference on the matter.  Accordingly, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why the cause should not be dismissed for failure to adhere to the deadlines set by the undersigned and for failure to appear at the scheduled hearing (Doc. 30).  In response, Plaintiff's counsel indicated that he did not see the notice of hearing but provided no reason for failing to meet the deadline for filing a motion for summary judgment.  Notwithstanding, the undersigned conducted another hearing, at which the Commissioner indicated that settlement might be possible, but the Commissioner required Plaintiff's motion for summary judgment to take to the SSA for consideration.  Given the potential for settlement, the undersigned provided the parties 20 days to meet and confer regarding settlement and scheduled yet another hearing on the matter.

Prior to that hearing, Plaintiff filed his initial Motion for Summary Judgment (Doc. 35). In the motion, Plaintiff framed the issue before the Court in the following terms:

> This case pertains to a situation where the Appeals Council receives new evidence after the issuance of an Administrative Law Judge decision, denies a request for review, does not indicate in the denial whether the new evidence is chronologically material, and the Social Security Administration takes the

position, in an appeal to Federal Court, that the evidence is not chronologically
relevant.

(Doc. 35, at 1). By the motion, therefore, Plaintiff argued that mandamus jurisdiction provided

an avenue for him to bring his claims in this action, that no means existed for exhausting his

administrative remedies with respect to his claims, and that the Appeals Council erred in failing

to indicate whether the new evidence submitted by Plaintiff was material or chronologically

relevant, thus warranting remand for an amended decision by the Appeals Council.

Following that, during the previously scheduled hearing, the undersigned provided the

Commissioner 45 days to respond to Plaintiff's Motion for Summary Judgment. In accordance

with the undersigned's directive, the Commissioner timely responded in opposition to

Plaintiff's Motion for Summary Judgment (Doc. 37). In response, the Commissioner asserted

that "the real issue is whether Plaintiff timely and properly appealed and requested review of

the ALJ's decision finding him disabled as of November [14], 2012" (Doc. 37, at 1-2). To that

end, the Commissioner argued that (1) Plaintiff failed to satisfy the requirements for judicial

review under 42 U.S.C. § 405(g) because he failed to exhaust his administrative remedies; (2)

Plaintiff failed to demonstrate subject matter jurisdiction exists over his request to reopen

because judicial review is unavailable for requests to reopen; (3) Plaintiff's 2010 application

and subsequent review and appeal were not at issue in this case; and (4) Plaintiff could not

pursue his claims pursuant to mandamus jurisdiction.

Upon consideration, the undersigned issued a Report and Recommendation (Doc. 40)

recommending denial of Plaintiff's Motion for Summary Judgment. Specifically, the

undersigned concluded that Plaintiff failed to properly exhaust his administrative remedies with

respect to his 2012 application, any request to review the decision on whether to reopen the

2010 application was not subject to review, any attempt to relitigate issues related to the 2010

application were foreclosed, and a writ of mandamus was not warranted. Neither party objected

to the Report and Recommendation, and, upon review, the district judge adopted the Report and Recommendation and denied Plaintiff's Motion for Summary Judgment (Doc. 41). In doing so, the district judge also indicated that the undersigned should enter a scheduling order directing the parties to expedite the briefing related to any remaining issues.

Thereafter, on March 18, 2019, the undersigned conducted a telephone conference, at which the parties received time to review the matter and determine whether a basis existed for Plaintiff to move forward on his claims for purported constitutional violations. The undersigned conducted another telephone conference on April 18, 2019, at which Plaintiff indicated that he planned to assert legal arguments but needed time to figure out the procedural mechanism to assert such arguments. Plaintiff requested extra time to prepare either a motion or a notice of dismissal of the action, and the undersigned granted such request, providing Plaintiff an additional 14 days to submit either a motion or a notice of dismissal. Accordingly, Plaintiff's motion or notice of dismissal was due on or before May 2, 2019.

Plaintiff failed to timely file a motion or notice of dismissal, however. Instead, on May 6, 2019, Plaintiff filed a memorandum in support of his constitutional claims (Doc. 49). Not only was the memorandum untimely, the memorandum included no citation to any factual or legal authority for his position, as required under Local Rule 3.01(a). Essentially, it consisted of a regurgitation of Plaintiff's opinion regarding his constitutional claims.

As a result, the undersigned conducted yet another telephone conference on May 10, 2019. During that telephone conference, the undersigned struck the memorandum as non-responsive and not relevant. The undersigned also *repeatedly* stressed that Plaintiff had up to and including May 17, 2019, and not a day longer, to file either a motion complying with Local Rule 3.01 and Rule 56, Federal Rules of Civil Procedure, or a notice informing the Court that Plaintiff no longer intended to proceed with his claims. Yet again, Plaintiff failed to timely

submit anything to indicate his position.  Indeed, despite repeated opportunities to present his case to the Court following entry of summary judgment on Plaintiff's mandamus claims, Plaintiff failed to timely submit either a motion supported by citation to both factual and legal authority regarding any constitutional claims or to file a notice of dismissal regarding such claims.

Instead, on May 20, 2019, three days after the firm deadline set by the undersigned for filing either a motion or a notice, Plaintiff filed the instant Motion for Summary Judgment (Doc. 52), arguing that a writ of mandamus should issue and that the application of SSR 11-1p violates Plaintiff's rights to due process and equal protection.[4]  Even though the motion clearly violated the undersigned's explicit directive to file a motion or notice on or before May 17, 2019, Plaintiff failed to move for an extension of time.  Notwithstanding, to reach a final resolution of the issues and to ensure that the ends of justice are served, the undersigned considers this final attempt to assert a viable claim in this action.  Upon consideration, however, no viable claim exists.  Namely, as the Commissioner contends in her response (Doc. 54),[5] the Court already firmly concluded that no basis exists for issuance of a writ of mandamus, SSR 11-1p does not violate the Equal Protection Clause, and SSR 11-1p does not violate Plaintiff's due process rights.

---

[4]  Notably, Plaintiff fails to even set forth the appropriate legal framework for his due process or equal protection claims.

[5]  It should also be noted that the Commissioner failed to timely respond to Plaintiff's untimely Motion for Summary Judgment.  As a result, the undersigned issued an Order directing the Commissioner to file a response, despite the untimeliness of Plaintiff's motion (Doc. 53).

## II.    Standard of Review

Summary judgment is appropriate where the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.[6]  Fed. R. Civ. P. 56(a); *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018).  In reviewing the motion, courts must view the evidence and make all factual inferences in a light most favorable to the non-moving party and resolve all reasonable doubts about the facts in favor of the non-movant.  *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (citation omitted).

## III.    Discussion

### A.    Mandamus

Plaintiff again seeks to argue the appropriateness of a writ of mandamus in this action. This Court already thoroughly considered and rejected Plaintiff's argument regarding issuance of a writ of mandamus, however.  To reiterate, pursuant to 28 U.S.C. § 1361, district courts possess "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus constitutes an "extraordinary remedy" only to be used in the "clearest and most compelling of cases."  *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (citation and quotation omitted).  The question a court must consider is whether mandamus provides an appropriate means of relief.  *Id.* at 1258.  Namely, mandamus provides an appropriate means of relief when: (1) the plaintiff possesses a clear right to the relief requested; (2) the defendant maintains a clear duty to act; and (3) no other adequate remedy is available to the plaintiff.  *Id.* (citation and quotation omitted).  "Put another way, a writ of mandamus 'is intended to provide

---

[6] The parties agree that this case does not involve any disputed issues of fact.  Rather, the issues before the Court involve purely legal questions.

a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

The Eleventh Circuit has not definitively determined whether mandamus jurisdiction is barred by 42 U.S.C. § 405(h). *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 n.3 (11th Cir. 2004). Even assuming, *arguendo*, that 28 U.S.C. § 1361 provides a basis for the Court's jurisdiction over Plaintiff's claims, Plaintiff failed to establish that he had no other adequate remedy available to him and that he exhausted all other avenues of relief. As discussed, the Appeals Council expressed its willingness to review Plaintiff's arguments, notwithstanding the untimely nature of such review (Sullivan Decl., Ex. N). The Appeals Council explicitly advised Plaintiff that:

> You should send us a statement showing the reason(s) why you did not file the request for review within 60 days. You should send us any evidence that supports your explanation.
>
> ***
>
> If you show that you did not receive notice of the Administrative Law Judge's action within 5 days after the date on it, the Appeals Council may find that your appeal is timely.
>
> If you show that you had a good reason for filing late, the Appeals Council will extend the time period and find that your appeal is timely.
>
> If you do not show that you had a good reason for filing late, the Appeals Council will dismiss your request for review.

(Sullivan Decl., Ex. N). Given such opportunity, Plaintiff could have argued that he in fact "had a good reason for filing late" due to the purported misapplication of SSR 11-1p and based upon the district court's findings on appeal. Rather, Plaintiff failed to respond to the Appeals Council's letter and thus failed to take advantage of the opportunity to address the matter before the Appeals Council or to allow the Appeals Council to rectify any error that might have

occurred during the administrative review process.  Review by the Appeals Council constituted an adequate and, more importantly, an appropriate remedy that Plaintiff chose to forego. Plaintiff's assertion that no other adequate remedy existed and that he therefore must seek the "extraordinary remedy" of a writ of mandamus, given the failure to properly pursue his administrative remedies, lacks merit.

Plaintiff possessed an adequate remedy to challenge the onset date for the 2012 application.  Despite receiving a full award of benefits for the 2012 application, Plaintiff maintained the ability to appeal the onset date to the Appeals Council and then, if necessary, to seek judicial review of the onset date.  Despite Plaintiff's failure to timely seek review of the onset date, the Appeals Council provided Plaintiff an additional opportunity to address the matter, yet, for some undisclosed reason, Plaintiff simply did not pursue his administrative remedy.  Despite Plaintiff's attempts to seek redress of this issue with the Commissioner, the failure to follow through with administrative remedies regarding the onset date of the 2012 application to the Appeals Council is fatal to Plaintiff's claim that a writ of mandamus should issue.  Accordingly, as this Court already explicitly determined, Plaintiff's claim for a writ of mandamus fails.

## B.      Equal Protection

Plaintiff next argues that SSR 11-1p violates the Equal Protection Clause of the Fourteenth Amendment because the SSA improperly distinguishes between claimants who submit material evidence to the Appeals Council and those who do not.[7]  Plaintiff also argues that claimants who submit new, non-material evidence to the Appeals Council are treated

---

[7] "Evidence is considered 'material' when it is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)).

differently based upon whether the Appeals Council complies with SSR 11-1p. According to Plaintiff, the only rationale for such distinctions is to discourage claimants from appealing final decisions of the SSA.

Essentially, Plaintiff's primary contention is that an improper distinction exists between claimants who submit material evidence to the Appeals Council and claimants who submit non-material evidence to the Appeals Council. When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quotation and internal quotation marks omitted). Plaintiff argues that, if a claimant appeals an ALJ's unfavorable decision to the Appeals Council and submits material evidence, he cannot submit a new application for benefits until the Appeals Council makes a decision such that, if the claimant pursues the administrative appeal, the claimant will be deprived of benefits to which he or she is most likely entitled. Mainly, the claimant who appeals to the Appeals Council and submits material evidence loses the opportunity for a protective filing date as of the date of the request for review, whereas a claimant who submits non-material evidence to the Appeals Council receives such protective filing date.[8] Additionally, Plaintiff argues that claimants receive different treatment by the SSA when the Appeals Council receives new, non-material evidence and either complies or fails to comply with the requirements of SSR 11-1p. Given the differentiation of treatment

---

[8] The SSA defines "protective filing date" as the date the claimant first contacts the SSA about filing for benefits and indicates that such date may be used to establish an earlier application date than when the SSA receives the claimant's signed application. *See* https://www.ssa.gov/agency/glossary (last visited June 26, 2019).

of claimants resulting from the policy and procedures outlined in and the application of SSR 11-1p, Plaintiff asserts that SSR 11-1p violates the Equal Protection Clause.

The Equal Protection Clause directs that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const., Amdt. 14 § 1.  Namely, the clause requires that all persons similarly situated be treated alike.  *City of Cleburne, Tex., v. Cleburne Living Center*, 473 U.S. 432, 439 (1985), *superseded by statute on other grounds* (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Since Plaintiff admittedly does not claim to be a member of a suspect class nor allege a burden on one of his fundamental rights, the question of whether SSR 11-1p violates equal protection falls within rational-basis review.[9]  *Houston v. Williams*, 547 F.3d 1357, 1363 (11th Cir. 2008).  As aptly explained by the Eleventh Circuit:

> Rational basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.  Nor does it authorize the judiciary to sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.  Policy determinations cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.  Furthermore, a legislative body … need not actually articulate at any time the purpose or rationale supporting its classification.  Instead, the policy determination must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.

*Id.* (internal citations, quotations, and marks omitted).

Courts accord a classification neither involving fundamental rights nor proceeding along suspect lines, such as the one at issue in SSR 11-1p, a strong presumption of validity.  *See id.*; *see Heller v. Doe*, 509 U.S. 312, 319-20 (1993) (citations omitted).  "Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose."  *Heller*, 509 U.S. at 320 (citations omitted); *see City of Cleburne, Tex.*, 473 U.S. at 440 ("The general rule is that

---

[9]  Indeed, Plaintiff does not argue otherwise.

legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.") (citations omitted).  If any conceivable state of facts could provide a rational basis for the classification, the classification must be upheld against an equal protection challenge.  *Heller*, 509 U.S. at 320 (citations omitted).  Indeed, "[d]efining the class of persons subject to a regulatory requirement—much like classifying governmental beneficiaries—'inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line, and the fact [that] the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration.'"  *F.C.C. v. Beach Comms., Inc.*, 508 U.S. 307, 315-16 (1993) (quoting *United States Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179 (1980)).

In considering equal protection challenges, therefore, the burden remains on the party attacking the rationality of the legislative classification to negate every conceivable basis which might support such classification.  *Beach Comms.*, 508 U.S. at 315.  Here, Plaintiff fails to meet his burden.  Indeed, SSR 11-1p provides the following rationale for the change in the procedures regarding handling requests to file subsequent applications for disability benefits:

> In 1999, we adopted a procedure that allowed us to process a subsequent disability claim while your prior disability claim was pending at the Appeals Council level of our administrative review process.
>
> Under that procedure, if you filed a subsequent application for disability benefits while you had a disability claim pending at the Appeals Council, we sent your subsequent claim to the disability determination services (DDS) or similar case-processing center for development and adjudication.  If we denied your subsequent application at the earlier stages, and you requested a hearing before an administrative law judge (ALJ), the hearing office took no action until the Appeals Council completed its action on your prior claim.
>
> We have seen an increase in the number of subsequent disability claims in recent years.  When two disability claims under the same title and type are pending at the same time, there can be conflicting decisions that we must then reconcile. Subsequent claims may result in improper payments, increased administrative costs, and unnecessary workloads stemming from duplication.  Because of these problems and the significant increase in the number of initial disability claims

that we have experienced in recent years, we are changing our procedures for handling subsequent applications for disability claims of the same title and type.

Policy Interpretation

Under the new procedures we are adopting in this Ruling, generally you will no longer be allowed to have two claims for the same type of benefits pending at the same time.  If you want to file a new disability claim under the same title and of the same type as a disability claim pending at any level of administrative review, you will have to choose between pursuing your administrative review rights on the pending disability claim or declining to pursue further administrative review and filing a new application.  This Ruling explains our new procedures.

2011 WL 3962767, at *1-*2.  As the Ruling explains, the change in the policy and the procedures for consideration of a subsequent claim of the same type stemmed from a significant increase in subsequent disability claims and the resulting issues of conflicting decisions, improper payments, increased administrative costs, and unnecessary workloads.  Such rationale provides a rational basis for the changes implemented by SSR 11-1p.

In an attempt to argue that SSR 11-1p does not survive rational-basis review, Plaintiff simply argues "no logical reason" exists for distinguishing between a claimant who submits evidence to the Appeals Council which is material and a claimant who submits evidence which is not material or between claimants who submit new, non-material evidence to the Appeals Council and the Appeals Council either complies with the Ruling or does not comply (Doc. 52, at 12).  Plaintiff's cursory argument regarding the lack of any "logical reason" for the distinction does not suffice to meet Plaintiff's burden of negating every conceivable basis which might support such distinction.  *See Beach Comms.*, 508 U.S. at 315.  As the Ruling indicates, the new policy and procedures reduce an overburdened caseload, support administrative efficiency, and conserve SSA resources while also ensuring that claimants receive a correct decision in a timely fashion.  The requirement that a claimant must either choose to continue to pursue an appeal on a pending claim or submit a subsequent claim and drop the appeal of the original claim,

regardless of the materiality of the evidence submitted or the Appeals Council's compliance with SSR 11-1p, applies equally to all claimants and thus does not violate the Equal Protection rights of Plaintiff or any other claimant.

Rather, in every instance, each claimant is the master of his or her own destiny and the sole arbiter of whether to pursue further appeals on the initial claim or to submit a new claim. Each claimant also maintains sole discretion whether to submit a request for review to the Appeals Council and, if so, to submit any new evidence, whether determined material or not, to the Appeals Council.  In doing so, each claimant can elect to appeal or to submit a new application for benefits.  Further, if the claimant disputes the materiality determination made by the Appeals Council or the Appeals Council's application of SSR 11-1p, the claimant may appeal to a federal district court and raise such issues on appeal – as Plaintiff chose to do with respect to the 2010 application – or may simply forego such appeal and proceed with a new claim.

Moreover, Plaintiff's argument regarding the inconsistent application of SSR 11-1p lacks any basis in the record.  Plaintiff failed to point to any similarly situated individual who the SSA treated differently than Plaintiff.  Nothing in the record indicates that Plaintiff suffered an injustice as a result of the application of SSR 11-1p different than any other claimant.  Indeed, regardless of what occurred in the courts subsequent to the decision of the Appeals Council on the 2010 application, the record reflects that the Appeals Council properly applied SSR 11-1p to Plaintiff's claim.  Namely, the Appeals Council properly considered the additional evidence, made it part of the record rather than returning it to Plaintiff, and determined that the additional evidence did not provide a basis for changing the ALJ's decision (*see* Sullivan Decl., Ex. E & F).  As a result, the Appeals Council did not need to provide notice to Plaintiff regarding the

filing of a new claim with a protective filing date or return the additional evidence as the Appeals Council made the evidence part of the record for the 2010 application.

In sum, all claimants receive equal treatment under SSR 11-1p, and Plaintiff simply failed to demonstrate otherwise.  As discussed above, a rational basis exists for the prohibition of two claims pending concurrently, and nothing about the materiality of evidence submitted or the application or misapplication of SSR 11-1p creates a distinction that violates the Equal Protection Clause.  Further, in this instance, the SSA properly applied SSR 11-1p to Plaintiff's 2010 application, and nothing in the record demonstrates that any other claimant received different treatment on any pending claim for benefits.  Accordingly, Plaintiff's equal protection claim lacks any cognizable merit.

### C.     Due Process

Similarly, Plaintiff's due process claim lacks merit.  Plaintiff argues that, under SSR 11-1p, if the claimant loses the appeal before the Appeals Council and gets denied the right to submit a new application for benefits while the request for review remains pending, the claimant loses the potential to receive SSI benefits from the date of the ALJ's decision through the date that the Appeals Council issues its decision.  Plaintiff contends that, if a claimant believes that the ALJ erred or that new evidence submitted to the Appeals Council is material and would support a remand for consideration of the new evidence, the claimant must choose between giving up his or her right to appeal the ALJ's decision or forego potential benefits should the claimant lose the appeal.  Plaintiff argues that the Social Security Act does not authorize the SSA to refuse to take a new application if a claimant chooses to appeal a prior decision, and such refusal denies a claimant due process.  Plaintiff further contends that a due process violation occurs because SSR 11-1p allows some claimants who submit additional evidence to the Appeals Council to receive a protective filing date as of the request for review while

preventing other claimants who submit additional evidence to the Appeals Council from receiving a protective filing date as of the request for review.  Plaintiff asserts that the failure to employ a procedure to appeal a decision by the Appeals Council as to whether new evidence is material also denies a claimant due process.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citations and internal quotation marks omitted).  In the Social Security context, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record."  *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (citation omitted).  In this instance, Plaintiff's attempt to argue that he did not receive due process or that due process is not available to claimants at the administrative level falls flat.

With respect to the 2010 application, Plaintiff exhausted his administrative remedies, including receiving an initial determination, a reconsideration determination, a hearing before an ALJ with a subsequent decision, and a decision by the Appeals Council.  Plaintiff then appealed the decision to the district court and then to the Eleventh Circuit.  Plaintiff thus received six opportunities to present evidence supporting the 2010 application.  More importantly, Plaintiff received an opportunity to submit new evidence to the Appeals Council and then at least two opportunities to appeal the decision of the Appeals Council and argue the merits of the issue regarding materiality of the evidence submitted by Plaintiff to the Appeals Council.

For example, in the district-court action, Plaintiff set out four issues on appeal, with the fourth issue identified as follows: "The Appeals Council erred by failing to remand Plaintiff's claim after it received new and material evidence and had the Administrative Law Judge had

this evidence, the decision probably would have been different." *Norton*, No. 8:12-cv-2536-T-TBM (Doc. 26, Pl. Mem. In Opp'n to the Commissioner's Decision, at 10-11) (filed July 22, 2013). In doing so, Plaintiff argued that the Appeals Council erred by failing to remand the matter due to the submission of the new and material evidence. *Id.* at 11. Indeed, a remand under sentence four is warranted when a claimant submits new evidence to the Appeals Council, which the Appeals Council does not adequately consider in denying the claimant's request for review. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1268); *see also Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (stating that, "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."). Upon consideration, the district court disagreed with Plaintiff's argument, but neither it nor the Eleventh Circuit denied Plaintiff an opportunity to be heard on that issue. As repeatedly noted, Plaintiff received an opportunity at the district court and then again on appeal to the Eleventh Circuit to argue the merits regarding the additional evidence submitted to the Appeals Council, including any issues of materiality. During his appeals, however, Plaintiff did not identify any issue relating to the Appeals Council's apparent failure to return the evidence and provide notice regarding the date of the request for review as the protective filing date.

Moreover, Plaintiff received full and fair hearings at the administrative level on both his 2010 application and 2012 application. Throughout the entire process, the SSA never denied Plaintiff an opportunity to apply for benefits or refused to accept any application submitted by him. In fact, Plaintiff filed the subsequent 2012 application immediately after the Appeals Council issued its decision and then received an award of benefits on the 2012 application thereafter. Not until after the district court's decision on the 2010 application and nearly a year after the award of benefits on the 2012 application did Plaintiff seek to address, for the first

time, the issue regarding the protective filing date at the administrative level (Sullivan Decl., Ex. K). Even then, Plaintiff received an opportunity to be heard on the issue. As noted, upon receipt of Plaintiff's request, the Appeals Council explained that it deemed Plaintiff's request for review late but provided Plaintiff with an opportunity to present his reasons why his request for review was late (Sullivan Decl., Ex. N). Nothing in the record indicates that Plaintiff provided a response to the Appeals Council's letter. As a result, the Appeals Council issued a special dismissal of Plaintiff's request to reopen (Sullivan Decl., ¶¶16-17). Plaintiff thus failed to take advantage of his opportunity to be heard.

As with his equal protection claim, Plaintiff simply failed to establish a due process violation. Plaintiff received full and fair opportunities to be heard on both the 2010 application and the 2012 application, including on the issue of materiality of evidence submitted to the Appeals Council. He was not prevented at any point during the administrative process from presenting his arguments or his claims. Indeed, neither Plaintiff nor any other claimant is prohibited under SSR 11-1p from submitting new evidence to the Appeals Council, electing to not submit new evidence to the Appeals Council, appealing the decision of the Appeals Council, arguing on appeal the merits of the materiality determination by the Appeals Council, submitting a new application for benefits following a decision by the Appeals Council, being heard at the four levels of administrative review on a subsequent application for benefits, or foregoing submission to the Appeals Council entirely and instead submitting a new application for benefits. At all levels of administrative review, claimants receive a full and fair opportunity to be heard and to present a claim for benefits. The only action prohibited by SSR 11-1p is submission by a claimant of two claims for the same benefits at the same time. As explained more fully above, the policy behind such limitation serves to reduce or limit fiscal and administrative burdens upon the SSA, which provides a valid basis for such policy and for the

procedures implemented by SSR 11-1p, because allowing two claims for the same types of benefits at the same time would lead to conflicting decisions that the SSA must reconcile, improper payments, increased administrative costs, and unnecessary workloads stemming from duplication. *See Mathews*, 424 U.S. at 335 (noting that identification of specific dictates of due process generally requires consideration of, among other things, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail). Plaintiff's contention to the contrary lacks any arguable basis on the facts of this case or on the face of SSR 11-1p. Rather, although Plaintiff disagrees with the outcome of the proceedings at the administrative level, Plaintiff received several opportunities to be heard fully and fairly on the issues he lays before the Court in this action. Any claim for a violation of due process therefore fails.

**IV.     Conclusion**

For the foregoing reasons, it is hereby

RECOMMENDED:

1.  Plaintiff's Motion for Summary Judgment (Doc. 52) be DENIED.

2.  As no issues remain, and all relief available to Plaintiff should be denied, the Clerk be directed to enter judgment in favor of the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, this 26th day of June, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


cc:    Hon. James S. Moody, Jr.
       Counsel of Record